Katherine F. Parks, Esq.
Nevada Bar No. 6227
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
kfp@thorndal.com
Attorney for Defendants
CARSON CITY and/or CARSON CITY SHERIFF'S
OFFICE, ROCKY GOETZ and ANTHONY VIGLIETTA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE ESTATE of KORINA ADAMS, by MICHELE DARLING, Personal Representative, THE ESTATE of DESTINY DARLING, by MICHELE DARLING, Personal Representative, JASON ADAMS, husband of KORINA ADAMS, deceased, P.L. and R.A., minor children of KORINA ADAMS, and MICHELE DARLING, mother of the decedents,<br><br>Plaintiffs,<br><br>vs.<br><br>CONSOLIDATED CARSON CITY and CARSON CITY COUNTY, ROCKY GOETZ, in his individual and official capacity of Deputy Sheriff, ANTHONY VIGLIETTA, in his individual and official capacity of Deputy Sheriff, CARSON CITY SHERIFF'S OFFICE and DOES 1 through X, inclusive,<br><br>Defendants. | Case No.:   3:25-cv-00161-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties identified in the above caption in connection with this case, the parties hereby agree as follows:

1.  Any party may designate as "confidential" (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain confidential information, subject to protection under the Federal Rules of Civil Procedure, or state or federal law ("Confidential Information"). Where a

1  document or response consists of more than one page, the first page and each page on which
2  confidential information appears shall be so designated.
3       2.      A party may designate information disclosed during a deposition or in response
4  to written discovery as "confidential" by so indicating in said response or a party may designate
5  in writing, within twenty (20) days after receipt of said responses or of the deposition transcript
6  for which the designation is proposed, that specific pages of the transcript and/or specific
7  responses be treated as "confidential" information.  The designation of confidential information
8  shall set forth the basis of such designation such as, internal written policy, unwritten policy, ad
9  hoc decision, or other basis for the designation of "confidential."  Upon request the internal
10 written policy, course of conduct of designation of use of unwritten policy, cases of ad hoc
11 decisions shall be disclosed to the party objecting to a confidential designation of material.
12 Any other party may request that basis or reason for such proposal, in writing or on the record.
13 Upon such request, the parties shall follow the procedures described in paragraph 8 below.
14 After any designation made according to the procedure set forth in this paragraph, the designated
15 documents or information shall be treated according to the designation until the matter is
16 resolved according to the procedures described in paragraph 8 below, and counsel for all parties
17 shall be responsible for marking all previously unmarked copies of the designated material in
18 their possession or control with the specific designation.
19      3.      All information produced or exchanged in the course of this case (other than
20 information that is publicly available) shall be used by the party or parties to whom the
21 information is produced solely for the purpose of this case.
22      4.      Except with the prior written consent of the party or parties who designated the
23 material "Confidential Information," or upon the prior order of this Court obtained upon notice
24 to opposing counsel, Confidential Information shall not be disclosed to any person other than:
25      (a)    counsel for the respective parties to this litigation, including in-house counsel and
26 co-counsel retained for this litigation;
27      (b)    employees of such counsel;
28

       (c)    individual parties, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

       (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation.  Any such person shall execute a copy of the Certificate, annexed hereto as Exhibit A, prior to the disclosure of confidential information.  Said Certificate shall be retained by counsel and made available by opposing counsel during the pendency or within thirty (30) days of termination of this litigation, only for good cause shown and upon the order of the court.

       (e)    any authors or recipients of the Confidential Information;

       (f)    the Court, Court personnel, and court reporters; and

       (g)    witnesses (other than persons described in paragraph 4(e)).  A witness shall sign the Certification before being shown a confidential document.  Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above.  Witnesses shown Confidential Information shall not be allowed to retain copies.

       5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except in consultation with fellow professionals in a hypothetical sense, and except as otherwise provided herein.

       6.    Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a concurrently filed  motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.  *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC.,* 809 F.3d 1092, 1097 (9th Cir. 2016).

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers of other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others material designated as confidential information, although in doing so such material may lose its confidential status in being made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than two years after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents

1  within the time period upon consent of the party who provided the information and certify in
2  writing within two years.
3       11.   The terms of this Order do not preclude, limit, restrict, or otherwise apply to the
4  use of documents at trial.
5       12.   Nothing herein shall be deemed to waive any applicable privilege or work product
6  protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material
7  protected by privilege or work protection.
8       13.   Any witness or other person, firm or entity from which discovery is sought may
9  be informed of and may obtain the protection of this Order by written advice or oral advice of
10 that person, firm or entity's counsel, at the time of any deposition or response to a discovery
11 request.

DATED this 10th day of July, 2025.                    DATED this 10th day of July, 2025.

                                                                 THORNDAL ARMSTRONG, PC

By:  */s/ Robert Bennett*                          By:  */s/ Katherine Parks*
    ROBERT J. BENNETT, ESQ.                      KATHERINE F. PARKS, ESQ.
    452 Mallard Way                              Nevada Bar No. 6227
    Fernley, NV  89408                           6590 S. McCarran Blvd., Suite B
                                                 Reno, Nevada 89509
    ROBERT H. BROILI, ESQ.                       Attorney for Defendants
    P.O. Box 836                                 CARSON CITY and/or CARSON
    Reno, NV  89504                              CITY SHERIFF'S OFFICE, ROCKY
    Attorneys for Plaintiffs                     GOETZ and ANTHONY VIGLIETTA

IT IS SO ORDERED.

DATED: This __11th__ day of __July_____ 2025.

                                                            _____
                                                            UNITED STATES MAGISTRATE JUDGE

1 **EXHIBIT "A"**

2 **CERTIFICATION**

3    I hereby certify my understanding that Confidential Information is being provided to me
4 pursuant to the terms and restrictions of the Protective Order dated _____, 2025,
5 in "THE ESTATE of KORINA ADAMS, by MICHELE DARLING, Personal Representative,
6 THE ESTATE of DESTINY DARLING, by MICHELE DARLING, Personal Representative,
7 JASON ADAMS, husband of KORINA ADAMS, deceased, P.L. and R.A., minor children of
8 KORINA ADAMS, and MICHELE DARLING, mother of the decedents, Plaintiffs, vs.
9 CONSOLIDATED CARSON CITY and CARSON CITY COUNTY, ROCKY GOETZ, in his
10 individual and official capacity of Deputy Sheriff, ANTHONY VIGLIETTA, in his individual
11 and official capacity of Deputy Sheriff, CARSON CITY SHERIFF'S OFFICE and DOES 1
12 through X, inclusive, Defendants, Civil No. 3:25-cv-00161-ART-CSD."  I have been given a
13 copy of that Order and read it.  I agree to be bound by the Order.  I will not reveal the
14 Confidential Information to anyone, except as allowed by the Order.   I will maintain all such
15 Confidential Information – including copies, notes, or other transcriptions made therefrom – in a
16 secure manner to prevent unauthorized access to it.   No later than thirty (30) days after the
17 conclusion of this action, I will return the Confidential Information – including copies, notes, or
18 other transcriptions made therefrom – to the counsel who provided me with the Confidential
19 Information.  I hereby consent to the jurisdiction of the United States District Court for the
20 purpose of enforcing the Protective Order.

21    DATED: _____.

22                                              _____