UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE ESTATE OF KORINA ADAMS, by Michele Darling, Personal Representative, et al., <br><br> Plaintiffs <br><br> v. <br><br> CARSON CITY, et al., <br><br> Defendants | Case No.: 3:25-cv-00161-ART-CSD <br><br> **Order** <br><br> Re: ECF Nos. 32, 35 |

Before the court is Plaintiffs' motion to add Doe Brian Mays. (ECF Nos. 32, 32-1, 32-2, 32-3.) Defendants Carson City, Carson City Sheriff's Office, Rocky Goetz, and Anthony Viglietta filed a response. (ECF No. 33.) Plaintiffs filed a reply. (ECF Nos. 34, 34-1.)

Plaintiffs also filed a request for submission. (ECF No. 35.)

For the reasons set forth below, the motion to add Brian Mays as a defendant is granted, but the request for submission is denied.

**I. BACKGROUND**

Plaintiffs originally filed this action in state court against defendants Carson City, Carson City County, Carson City Sheriff's Office, and Deputies Rocky Goetz, and Anthony Viglietta related to the deaths of Korina Adams and Destiny Darling following a high-speed chase. The action was removed to federal court. (ECF Nos. 1, 1-1.)

On July 1, 2025, Plaintiffs filed a motion to add Carson City Sheriff's Office Shift Supervisor Brian Mays as a necessary defendant pursuant to Federal Rule of Civil Procedure 19(1). (ECF No. 18.) Defendants opposed the motion, arguing that Mays is not a necessary party

under Rule 19. (ECF No. 21.) Plaintiffs filed a reply brief. (ECF No. 24.) Plaintiffs then filed a request for submission of the motion to add Mays as a party. (ECF No. 27.)

The court issued an order denying the request for submission, noting that is a practice utilized in state court, but is *not* authorized by the Federal Rules of Civil Procedure or Local Rules in this District. Instead, the court pointed out that the federal rules permit the filing of a motion, response and reply, and after briefing is complete, and then the motion will be addressed in due course. (ECF. 28.)

The court set a hearing on the motion to add Mays as a party, but directed the parties to meet and confer to attempt to resolve this issue in advance of the hearing, and to file a status report regarding the meet and confer efforts. (ECF. 29.)

On September 15, 2025, the parties filed a joint status report. According to the report, Plaintiffs agreed to withdraw the motion pursuant to Rule 19 and to file a motion for leave to amend the complaint to substitute Mays in place of a Doe defendant in accordance with Federal Rule of Civil Procedure 15. (ECF No. 30.)

As a result, the court vacated the hearing. (ECF No. 31.)

On September 16, 2025, Plaintiffs filed the instant motion to add Brian Mays as a doe defendant along with a proposed First Amended Complaint (FAC). (ECF Nos. 32, 32-2.) Instead of bringing the motion pursuant to Federal Rule of Civil Procedure 15, as was represented in the joint status report, the motion was brought pursuant to Federal Rule of Civil Procedure 20.

Defendants filed a response, arguing that the request to add a party pursuant to Rule 20 is procedurally deficient, as Plaintiffs were required to seek leave to amend under Rule 15. Defendants acknowledge that if Plaintiffs motion was procedurally proper, the court would likely grant leave to amend. (ECF No. 33.)

Plaintiffs filed a reply brief, arguing that both Rules 15 and 20 provide a basis to add Mays as a defendant. (ECF No. 34.)

Undeterred by the court's prior order, Plaintiffs filed another request for submission. (ECF No. 35.)

## II. MOTION TO ADD DOE BRIAN MAYS

Federal Rule of Civil Procedure 15 is the procedural vehicle to correct or expand a pleading in federal court.

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Federal Rule of Civil Procedure 20 governs permissive joinder. It provides the framework for joining multiple defendants in one action; however, if a party properly joined under Rule 20 was not named in the original complaint, the party must amend the complaint in accordance with Rule 15. Under the circumstances presented here, Plaintiffs were required to seek leave of court to amend their complaint.

In other words, while May might be a proper party under Rule 20, Plaintiffs were still required to seek *leave to amend* to add him as a party.

3

Despite representing in the joint status report that Plaintiffs would file a motion to amend under Rule 15, Plaintiffs did not do so, and instead brought their motion pursuant to Rule 20. Plaintiffs do invoke Rule 15 in their reply, and Defendants appear to acknowledge amendment is proper under Rule 15. Under these circumstances, rather than have Plaintiffs file yet another motion to add Mays as a party, on this occasion only, the court will construe Plaintiffs' request as being made under Rule 15.

There is no prejudice to Defendants in allowing Plaintiffs to amend to add Mays as a defendant. Nor will amendment unduly delay this litigation, and the court does not find that amendment is sought in bad faith.

Therefore, Plaintiffs' request to amend to add Mays as a party (ECF No. 32) is granted.

### III. REQUEST FOR SUBMISSION

Plaintiffs' counsel is either not reading the court's orders or blatantly ignoring them, resulting in a waste of the court's time and resources. Plaintiffs' request for submission (ECF No. 35) is denied for the same reasons the prior request was denied in the court's order at ECF No. 28.

If Plaintiffs' counsel continues to flout the court's orders, the court will issue an order to show cause why counsel should not be sanctioned. To that end, the court directs Plaintiffs' counsel to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules for this District.

### IV. CONCLUSION

(1) Plaintiffs' motion to add Mays as a defendant (ECF No. 32) is **GRANTED**.

(2) The Clerk shall **FILE** the First Amended Complaint (ECF No. 32-2).

(3) Defendants have up to and including **October 30, 2025**, to file an answer or other responsive pleading.

(4) Plaintiffs' request for submission (ECF No. 35) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 9, 2025

_____
Craig S. Denney
United States Magistrate Judge

5