**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE ESTATE OF KORINA ADAMS, by Michele Darling, Personal Representative, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>CARSON CITY, et al.,<br><br>    Defendants | Case No.: 3:25-cv-00161-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 53 |

Plaintiffs have filed a "Request for Appointment of Guardian Ad Litem" for the two minor plaintiffs in this case, P.L. and R.A. (ECF No. 53.)

Under Rule 17(c)(2), "[t]he court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action."

"[I]nfant and other incompetent parties are wards of any court called upon to measure and weigh their interests [and t]he guardian ad litem is but an officer of the court." *Dacanay v. Mendoza*, 573 F.2d 1075, 1079 (9th Cir. 1978). "As a general matter, the decision whether to appoint a guardian ad litem is 'normally left to the sound discretion of the trial court.'" *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)) (internal quotation marks omitted). "Relatedly, in its discretion, the Court may remove a guardian ad litem if she acts contrary to the best interests of the minor or incompetent plaintiff, has a conflict of interest with the minor or incompetent plaintiff, or demonstrates an inability or refusal to act." *Id.*; *see also Watson v. Cnty. of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (directing the plaintiffs to "re-file an

application for appointment of guardian ad litem, accompanied by a written declaration that the proposed guardian ad litem is independent and would act in the best interests of the minors.").

While appointment of a guardian ad litem for the minor plaintiffs is appropriate, Plaintiffs have made no showing with respect to either of the proposed guardians that they are willing to act in that capacity and that they would act in the best interest of the child. Nor is it clear whether either proposed guardian would seek to be paid for their actions taken in their guardian ad litem capacity. Accordingly, Plaintiffs' request to appoint Michelle Darling and Jason Adams as guardians ad litem for minor plaintiffs P.L and R.A., respectively, (ECF No. 53) is **DENIED WITHOUT PREJUDICE**. Plaintiffs should re-file the request with sufficient information for the court to evaluate whether Mrs. Darling and Mr. Adams should be appointed to serve as the guardians ad litem in this case.

**IT IS SO ORDERED**.

Dated: February 12, 2026

_____
Craig S. Denney
United States Magistrate Judge

2